DAUKSCH, JAMES C., Jr., Associate Judge.
This is an appeal from a judgment denying a mortgage foreclosure. Because the mortgagees were entitled to foreclose their mortgage we reverse.
Rienzo is the son-in-law of the Ultimos. He tricked them into mortgaging their property to secure a note he made to appellants. When Rienzo delivered the note and mortgage to appellants they were unaware that the mortgage execution was obtained by fraud on the part of Rienzo. They accepted in good faith, and for value given to Rienzo, the promissory note he made and the mortgage executed by Ultimos.
When the note came into default because Rienzo failed to make payment Ultimos were called upon to either pay the note or forfeit the security in the mortgage. Ulti-mos defended against the mortgage foreclosure saying they did not intend to mortgage their property, that Rienzo lied to them and deceived them and therefore they should not lose their property. Rienzo admits he deceived the Ultimos and fraudulently induced them to execute the mortgage. It is also unquestioned that appellants knew nothing of the chicanery and were also duped by Rienzo.
The question presented, then, is who between two innocent victims must suffer. In this case the non-negligent victim must prevail.
When Rienzo presented some papers for his parents-in-law to sign they did not read them so that they would know they were mortgaging their land. They trusted him and thought they were signing credit references. They would not have signed a mortgage. The trial judge believed them and deemed it inequitable to have them lose their property under these circumstances.
On the other hand, when Rienzo presented the duly executed note and mortgage to appellants they were in proper legal form, the note was made payable to an escrow agent in accordance with the agreement and the mortgage was made in favor of the same escrow agent, as agreed. There was nothing at all to alert appellants or their agent, who is their lawyer, to anything out of the ordinary. The business deal was begun in proper order by cautious people. They were represented by a good lawyer who did things in a regular manner.
The equities, as well as the law, are with appellants. Appellants did nothing wrong in the transactions; they were not negligent, nor was their lawyer. Appellees, however, at the very least were negligent in failing to read what they were signing and failing to protect their legal interests by signing a document which is very clearly a mortgage. For example, within an inch-and-a-half above their signatures, the word “mortgagor” appears. The negligence of appellees Ultimo resulted in the mortgage being delivered to appellants who reasonably relied upon it as security for the debt owed them. The equities must be with appellants who are the only truly innocent persons, without fault and without negligence. See, e.g., United Service Corporation v. Vi-An Construction Corp., 77 So.2d 800 (Fla.1955); Ruwitch v. First National Bank of Miami, 291 So.2d 650 (Fla. 3rd DCA), cert. denied, 305 So.2d 196 (Fla.1974); Correria v. Orlando Bank & Trust Co., 235 So.2d 20 (Fla. 4th DCA 1970).
*1133 The judgment is reversed and this cause remanded for entry of judgment and assessment of costs and attorney’s fees for appellants.
REVERSED and REMANDED.
LETTS and WALDEN, JJ., concur.